UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jean Gagnon,<br>    Plaintiff<br>v.<br>State of Nevada, et al.,<br>    Defendants | 2:13-cv-00528-JAD-PAL<br><br>**Order Granting in Part and Denying in Part Motion for Attorney's Fees and Granting Motion to Withdraw as Attorney**<br><br>[ECF Nos. 110, 136] |

  Jean Gagnon sued the State of Nevada and its divisions: the Nevada Highway Patrol ("NHP" and the Department of Public Safety ("DPS") and NHP Officers Perry and Sanchez for a handful of claims under § 1983 and Nevada state law. After the first round of dismissals, Gagnon filed an amended complaint asserting three claims for relief, and defendants again moved for judgment on the pleadings. I granted judgment in favor of the defendants on Gagnon's First Amendment retaliation claim because it was insufficiently plead, dismissed Gagnon's federal conspiracy claim with prejudice, and struck Gagnon's due-process claim. Defendants now move for attorney's fees under 42 U.S.C. § 1988(b). I find that defendants are entitled to a partial award of attorney's fees under § 1988(b), award them $7,841.47 in fees, and grant Gagnon's counsel's motion to withdraw.[1]

**Background**

  Gagnon's original complaint contained claims for First Amendment retaliation, "citizens[']" Fourth Amendment violations by NHP, civil-conspiracy claims under both state law and 42 U.S.C. § 1985, a claim for slander or defamation, a §1983 claim for failure to train, and claims for trespass, fraud, unjust enrichment, and RICO violations.[2]

  Defendants promptly responded with a motion for judgment on the pleadings. In response, Gagnon abandoned—and conceded to—the dismissal of his Fourth Amendment, federal conspiracy,

---

[1] I find these matters suitable for disposition without oral argument. L.R. 78-1.

[2] ECF No. 1.

Page 1 of 5

and trespass claims.[3]  I then dismissed with prejudice Gagnon's claims for slander/defamation, fraud, unjust enrichment, § 1983 failure to train, and RICO violations.[4]  I dismissed Gagnon's First Amendment retaliation and state civil-conspiracy claims without prejudice and with leave to amend.[5]  But despite having leave to amend for the limited purpose of repleading these two claims, Gagnon filed an amended complaint repleading his First Amendment retaliation claim, reanimating his federal civil-conspiracy claim, and adding a new due-process claim.[6]

Defendants again moved for judgment on the pleadings,[7] arguing that Gagnon's First Amendment claim still failed as plead and pointed out that Gagnon was never given leave to refile his abandoned federal civil-conspiracy claim or leave to assert a new due-process claim.[8]  Gagnon opposed the motion[9] and—two months later (and three months after the deadline to amend pleadings expired)—Gagnon filed a motion for leave to file a second-amended complaint.[10]  Gagnon's proposed second-amended complaint contains the same three claims as his first-amended complaint but includes additional facts, purportedly to bolster his First Amendment retaliation claim.[11]

I found that Gagnon's retaliation claim was still deficiently plead because he failed to allege that he had made a protected statement that attracted the retaliation.[12]  I denied Gagnon's request for leave to amend his retaliation claim a second time because he did not demonstrate that he could

---

[3] ECF No. 75-1 at 20:12–22.

[4] *Id.* at 20:37–41.

[5] *Id.*

[6] ECF No. 45.

[7] ECF No. 75.

[8] *Id.*

[9] ECF No. 85.

[10] ECF No. 94.

[11] ECF No. 94-1.

[12] ECF No. 107 at 7–9.

plead a protected communication even if he were given another chance to do so.[13] I then dismissed Gagnon's federal civil-conspiracy claim because it was unauthorized and it failed as a matter of law because § 1985 only applies to federal officers.[14] Finally, I struck Gagnon's new due-process claim because he lacked leave to add it.[15]

**Discussion**

**A.    Defendants are entitled to a partial award of attorney's fees under § 1988(b).**

The American Rule recognizes that each party in litigation must bear its own attorney's fees in the absence of a rule, statute, or contract authorizing an award of fees.[16] Section 42 USC § 1988(b) is a fee-shifting statute. It allows district courts to award attorney's fees to the prevailing party in § 1983 cases. But attorney's fees in civil-rights cases should only be awarded to a defendant in exceptional circumstances.[17] A defendant may only recover attorney's fees if the plaintiff's action was "frivolous, unreasonable, or without foundation."[18] An action becomes frivolous when the result appears obvious or arguments are wholly without merit, and a defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at the inception.[19]

Defendants request $64,315.50 ($132.83 x 473.50 hours) in fees for defending this suit since its inception.[20] Defendants contend that Gagnon's claims were frivolous and vexatious from the outset.

I decline to award defendants the full amount of attorney's fees for defending this lawsuit.

---

[13] *Id.* at 10–12.

[14] *Id.* at 12–13.

[15] *Id.* at 14–15.

[16] *MRO Commc'n Inc. v. Tel. & Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

[17] *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).

[18] *Id.* (internal citations omitted).

[19] *Christianberg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).

[20] ECF No. 110 at 13.

1 Though Gagnon did not ultimately prevail, his claims did not become frivolous or unreasonable until
2 after the first round of dismissals.  For example, in response to defendants' first motion for judgment
3 on the pleadings, Gagnon conceded and abandoned four of his claims.  And Gagnon had leave to file
4 an amended complaint and to replead his First Amendment retaliation claim, so I decline to award
5 defendants fees for defending that claim.  But I find that defendants are entitled to attorney's fees for
6 defending Gagnon's amended federal civil-conspiracy claim and his due-process claim because (1)
7 these claims were frivolous when filed because they were filed without leave of court and (2)
8 Gagnon continued to defend them even after defendants pointed out that he had expressly abandoned
9 one of them and lacked leave to add either claim.

10 I find that defendants' fee calculations are reasonable.  "The starting point for determining a
11 reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied
12 by a reasonable hourly rate."[21]  Defendants' hourly rate of $135.83 is reasonable in light of the
13 complexity of this case, the attorneys' experience, and the customary litigation fees for defending
14 similar claims in this community.  I also find that the hours expended are reasonable.  Defendants
15 submit an attorney declaration and detailed summary of the work performed in this case.  The 10-
16 page summary shows that defendants' attorneys spent 40.6 hours preparing their second motion for
17 judgment on the pleadings and 35.5 hours reviewing Gagnon's opposition and preparing their reply,
18 for a total of 76.10 hours.[22]  However, some of those hours were dedicated to defending Gagnon's
19 First Amendment retaliation claim, filed with leave of court, so they are not entitled to recoup all of
20 these fees.  Because defendants are entitled to recover fees for defending two out of the three claims
21 in Gagnon's amended complaint, I reduce these hours by one third.  Defendants are therefore entitled
22 to fees for 57.73 hours or $7,841.47.

23 **B.   Motion to withdraw as attorney**

24 Gagnon's counsel moves to withdraw as counsel.[23]  Counsel attaches an affidavit stating that

---

[21] *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)

[22] ECF No. 110-2.

[23] ECF No. 136.

this case has become increasingly complex and cost prohibitive for a solo practitioner and that Gagnon is already interviewing other attorneys, presumably to represent him on appeal. Because final judgment has been entered, I find that Gagnon will not be prejudiced by counsel's withdrawal, so I grant counsel's motion.

### Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that **defendants' motion for attorney's fees [ECF No. 110] is GRANTED in part and DENIED in part; defendants are awarded fees of $7,841.47.**

The Clerk of Court is directed to enter an amended judgment in favor of defendants and against Gagnon in the amount of $7,841.47.

IT IS FURTHER ORDERED that **plaintiff's counsel's motion to withdraw as attorney [ECF No. 136] is GRANTED.**

The Clerk of Court is directed to mail a copy of this order to:

Jean Gagnon
8315 Browns Mountain Court
Las Vegas, Nevada 89131

Dated this 23rd day of May, 2016.

_____
Jennifer A. Dorsey
United States District Judge